CHRISTIAN F. PUDOR *versus* BOSTON & MAINE RAIL ROAD.

Where the plaintiff proved, that he had delivered to the defendants, who were common carriers, a box, to be carried to a certain place; that the box was not delivered ; that he had made a demand thereof; and that the defendants admitted its loss, and then " offered to show by his own testimony (it not appearing that he had any other means of showing it,) what was in said box and the value of the articles," the declaration having alleged, that the box contained medical books, medicines, surgical instruments and chemical apparatus ; *it was held, that the plaintiff's oath was inadmissible.*

THIS action came before the Court upon the following report by TENNEY J. presiding at the trial.

This was an action on the case, in which the plaintiff claims to recover of the defendants, the value of a certain box, containing divers goods and chattels, to wit: five volumes of medical works, worth seventeen dollars, two volumes of the dictionary of literature, worth ten dollars, fifty vials of medicine, surgical instruments, and worth thirty-five dollars, chemical apparatus, ten dollars, five pounds of sugar of milk, and articles of clothing, fifteen dollars, all of the value of ninety-three dollars.

It was in proof, that the said box with two trunks was, on the 24th day of February, A. D. 1846, delivered by the plaintiff to .the baggage master of the defendants at their depot in Boston, to be carried in the cars of the defendants to Portland; that the plaintiff paid said baggage master for the transportation of said box to Portland, that the said box was demanded of the baggage master of the defendants at their depot, in Portland, at various times before the commencement of this action; and that it was not delivered, and could not be found.

The delivery of said box to the defendants, the loss thereof, and a due demand of the same, and also that the defendants were common carriers on the said 24th day of February, were admitted by the defendants for the purposes of this trial, but there was no admission as to the contents of said box.

The plaintiff then offered to show by his own testimony (it not appearing that he had any other means of showing it) what was in said box, and the value of said articles. His testimony was excluded; and the defendants were defaulted for the value of the box only, viz: the sum of one dollar.

If in the opinion of the Court the plaintiff's testimony should have been admitted in the trial for the purposes mentioned, the default is to be taken off and a new trial granted; but if in their opinion it was properly excluded, the default to stand.

The case was argued on April 21, 1847.

*Sweat*, for the plaintiff, cited 1 Greenl. on Ev. (2d Ed.)

§ 348, and notes, and cases there referred to, as *sustaining* the position, that the presiding Judge erred in excluding the plaintiff's own statements on oath, under the circumstances of the case.

*Fox,* for the defendants, commented upon the authorities cited, and denied that the doctrine had ever been extended beyond clothing and personal ornaments, unless the case of *Herman v. Drinkwater,* 1 Greenl. 27, may be so considered. That was a case of such rascality, that the Court tried to find some law to support the plaintiff's claim; but it should not be made a precedent for any other case.

At a subsequent day in the same term, the opinion of the Court was communicated orally, by

Shepley J. — In which it was said, that the admission of such testimony, as was offered in this case, should be limited to clothing and personal ornaments. It was held, that the testimony of the plaintiff was in this case rightly excluded by the presiding Judge.

Judgment was rendered for the plaintiff for one dollar, as damages, the value of the box.